JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 22-00309-DOC-JDE             Date:  July 7, 2022

Title: AXONICS, INC. V. MEDTRONIC, INC. AND MEDTRONIC USA, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER STAYING PROCEEDINGS SUA SPONTE [38]**

Before the Court is Defendant Medtronic, Inc. and Medtronic USA, Inc.'s (collectively, "Defendant" or "Medtronic") Motion to Dismiss ("Motion" or "Mot.") (Dkt. 38). Before the Court are also Plaintiff's Brief ("Pl. Brief") (Dkt. 59) and Defendant's Brief ("Def. Brief") (Dkt. 60), both of which addressed the Court's Order to Show Cause as to why this matter should not be stayed.

The Court now considers whether to stay this matter or proceed with the parties' arguments regarding the Motion to Dismiss. The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; L.R. 7–15. Having considered the papers and the parties' arguments, the Court **STAYS** the action sua sponte. The Court **VACATES** the hearing scheduled for July 11, 2022.

## I.  Background

### A.  Facts

The following facts are taken from Plaintiff Axonics, Inc.'s ("Plaintiff" or "Axonics") Complaint ("Compl.") (Dkt. 1). This case concerns a dispute arising from the parties' respective sacral neuromodulation products. *See generally* Compl. Sacral

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00309-DOC (JDE)            Date: July 7, 2022
           Page 2

neuromodulation therapy ("SNT") is a treatment for fecal and urinary incontinence. *Id.* ¶ 103. SNT products are implanted through a minimally invasive surgical procedure; they are placed near the sacral nerve to deliver electrical pulses which communicate between the brain, bladder, and bowel to improve symptoms of incontinence. *Id.* ¶ 70-71. SNT is the sole minimally invasive treatment option for communication between the brain, bowel, and bladder. *Id.* ¶ 80-81.

     Plaintiff alleges that, prior to its entry into the SNT market, Defendant enjoyed a monopoly that stagnated the market's technological advancements. *Id.* ¶ 12-13. For example, Plaintiff alleges that Defendant's SNT system required a procedure removing the implant whenever a patient required an MRI, but that Defendant "actually had the resources to make its SNM implant more compatible with MRI technology" and chose not to. *Id.* ¶ 13-14. Plaintiff accordingly brings an antitrust claim pursuant to 15 U.S.C. § 2, alleging that Defendant "attempts to maintain or establish a monopoly in the market for SNT therapy." *Id.* ¶ 66. Plaintiff also brings a Lanham Act claim pursuant to 15 U.S.C. § 1125(a) for Defendant's false and misleading statements. *Id.* ¶ 112-115. Lastly, Plaintiff brings a claim for false advertising under California Business & Professions Code §§ 17500 et. seq. *Id.* ¶ 129. Defendant maintains a co-pending patent infringement lawsuit in this district. Compl. ¶ 9; *see* Case No. 8:19-cv-2115.

    **B.**     **Procedural History**

     The parties' pending patent lawsuit, Case No. 8:19-cv-2115, was filed by Defendant on November 4, 2019.

     The Complaint in the underlying action was filed on February 25, 2022. Defendant filed its Motion to Dismiss on April 21, 2022. Plaintiff filed its Opposition ("Opp'n") (Dkt. 56) on May 31, 2022. Defendant replied ("Reply") (Dkt. 57) on June 7, 2022.

     On June 15, 2022, the Court ordered the parties to show cause as to why this matter should or should not be stayed ("Order") (Dkt. 58). In response to the Court's Order, Plaintiff filed its brief ("Pl. Brief") (Dkt. 59) on June 24 and Defendant did the same ("Def. Brief") (Dkt. 60).

**II.**     **Legal Standard**

     "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00309-DOC (JDE)            Date: July 7, 2022
Page 3

to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Accordingly, "[c]ourts have the power to stay proceedings sua sponte. *See, e.g.*, *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072-73 n.9 (C.D. Cal. 2008)) ("[T]he Court has the power to stay a case sua sponte, even in the absence of a motion to stay.").

When considering whether to stay an action, courts weigh a series of competing interests, including (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (outlining the *Landis* factors). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

### III. Discussion

Defendant moves to dismiss Plaintiff's Complaint, arguing that disparagement of a rival is not a cognizable antitrust or Lanham Act claim, that Plaintiff failed to suffer individual harm, and that competition was not impacted by Defendant's business. Mot. at 8, 11, 20. If the Court does not find dismissal at this juncture appropriate, Defendant contends that staying the current proceedings would "promote judicial economy and avoid needless expense." Def. Brief at 1. Defendant claims that resolution in the parties' pending patent case could result in the exclusion of infringed products at issue here and render moot Plaintiff's claim of marketplace exclusion in the current case. *Id.* Finally, Defendant posits that Plaintiff would not be prejudiced from a stay because "Axonics itself delayed bringing this case" and "has not alleged even a single lost sale resulting from any purported disparagement that allegedly began over two and a half years ago." *Id.*

Plaintiff argues that this matter should not be stayed pending resolution of the parties' patent dispute. Brief at 1. Plaintiff maintains that staying this matter would allow Defendant's "misinformation campaign" about their medical implants to continue. *Id.* Plaintiff also claims that not staying this case will cause no harm or hardship to Defendant. *Id.* Finally, Plaintiff claims that a stay will not support judicial efficiency because Defendant itself noted that these two cases have no overlap. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-00309-DOC (JDE)                                 Date: July 7, 2022

Page 4

As discussed above, courts determining whether to stay an action consider: (1) injury that may result from granting the stay; (2) the resulting hardship of proceeding with the action; and (3) the degree to which issues may be simplified or made more efficient if the stay was granted. *See Lockyer*, 398 F.3d at 1110.

Here, all factors weigh in favor of staying the action. First, Plaintiff's claimed injury from the stay is unconvincing. Plaintiff largely offers unspecific allegations of financial loss. Moreover, Plaintiff's asserts that a stay will jeopardize its opportunity to discover "oral evidence" because it can "fade with time." Pl. Brief at 3. However, the broad contention that oral evidence can be lost without greater specificity does not justify foregoing a stay. See *Gallion v. Charter Commc'ns Inc.*, 287 F. Supp. 3d 920, 933 (C.D. Cal. 2018), *aff'd sub nom. Gallion v. United States*, 772 F. App'x 604 (9th Cir. 2019) (granting motion to stay because "plaintiff has not made a sufficient showing that there is a risk of losing evidence"). Plaintiff has not identified a specific piece of evidence or witness that is likely to be lost, nor is the Court convinced that such evidence would become unavailable at a later point in time. Moreover, if Plaintiff's concerns were material, it would not have waited to file suit years after Defendant's alleged anticompetitive conduct began. Def. Brief at 1; Compl. ¶ 59.

Second, Defendant could potentially suffer undue hardship if they were compelled to continue litigating this action. Defendant would be forced to needlessly expend their resources litigating claims that could potentially be mooted through resolution of the pending patent case. The burden to Defendant is particularly great when Plaintiff has made "sixty-six wide ranging and burdensome document requests." Def. Brief at 3. Given the extensive discovery requirements of antitrust litigation and the requests made in this case, the Court considers it prudent to stay this matter in the event that success in Defendants' co-pending case could reduce the number of issues in this case. *See In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1967 (2007)) ("Staying discovery may be particularly important in antitrust cases, where discovery tends to be broad, time-consuming and expensive.").

Finally, it would be in the interest of judicial efficiency to stay the action. The Court rejects Plaintiff's contention that "no outcome of the patent case can resolve Axonics' claims in the present case." Brief at 4. "Several courts have acknowledged that there may be judicial efficiencies in staying antitrust claims pending the resolution of related patent claims." *Complete Genomics, Inc. v. Illumina, Inc.*, No. 21-cv-00217-WHO, 2021 WL 1197096 at *3 (N.D. Cal. Mar. 30, 2021); *see also Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. C-05-3465-PJH, 2006 WL 13058 (N.D. Cal. Jan. 3, 2006);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 22-00309-DOC (JDE) | Date: July 7, 2022 |
| | Page 5 |

*ASM Am., Inc. v. Genus, Inc.*, No. 01-2190-EDL, 2002 WL 24444, at *6 (N.D. Cal. Jan. 9, 2002). Moreover, issues need not be identical in cases where two actions are pending. *See Landis*, 299 U.S. at 254.

      Here, as Plaintiff admits, the cases have overlapping factual issues —the issues pertain to the same parties, conduct, and patents. Pl. Brief at 4. Additionally, resolution of the pending case could narrow the issues in the instant case because a patent may afford a party the right to exclude other parties from the marketplace. *See SCM Corp. v. Xerox Corp.*, 645 F.2d 1195, 1206 (2d Cir. 1981), *cert. denied,* 455 U.S. 1016 (1982) ("[W]here a patent has been lawfully acquired, subsequent conduct permissible under the patent laws cannot trigger any liability under the antitrust laws."). Staying the case would also promote judicial efficiency by avoiding potentially costly, duplicative discovery. Although Plaintiff notes that the court in the pending case agreed that the antitrust and patent cases at issue should not be litigated together, Pl. Brief at 4, this does not mean that the outcome in Defendant's patent case will not impact the outcome here.

      Accordingly, all factors weigh in favor of issuing a stay here.

## IV.    Disposition

      The Court **STAYS** this action sua sponte. The parties shall file a status report every 90 days from the issuance of this Order and within 14 days of final adjudication of the pending patent action. The Court **VACATES** the hearing scheduled for July 11, 2022.

      The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk:<br>KDU |